IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

vs.

Case No. 5:02cr19-RH
Case No. 5:05cv68-RH/WCS

**COLLIS HOBBY,**

    Defendant.

_____/

## ORDER TO AMEND § 2255 MOTION

Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, with a memorandum of law and facts in support. Doc. 77. While Defendant followed the general format, he did not use the § 2255 motion form as required by Local Rule 5(J)(2). The attached memorandum includes facts, references to the record, and legal argument.

Defendant is directed to amend using the § 2255 form motion, setting forth each claim separately on the § 2255 motion form itself. *Cf.* Local Rule 5.1(J)(2) (providing that "[n]o . . . motion under 28 U.S.C. § 2255 . . . shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant."); § 2255 Rule 2(c) (the motion must follow the form attached to the rules or prescribed by local

rule).  This is consistent with the requirement that a 2255 motion specify all available grounds for relief, and "state the facts supporting each ground."  § 2255 Rule 2(b)(1) and (2).  Requiring that the claims be alleged on the prescribed form also allows for more efficient judicial review, and ensures that claims are not overlooked or "buried" in a memorandum.  See also Spaziano v. Singletary, 36 F.3d 1028, 1031, n. 2 (11th Cir.1994), cert. denied, 513 U.S. 1115 (1995) ("Although the habeas rules require more than notice pleading, and some factual specificity will often be helpful, or even necessary, a habeas petition should not resemble a treatise."); Buenoano v. Singletary, 74 F.3d 1078, 1081, n. 1 (11th Cir.), cert. denied, 519 U.S. 1012 (1996) (habeas petition should not read as both a petition and a brief, or raise claims "characterized by conclusory references to reported decisions") (citation omitted).[1]

As to claims of ineffective assistance of counsel, Defendant must allege specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and explain how the identified acts or omissions prejudiced the outcome of the proceedings.  Strickland v. Washington, 466 U.S. 668, 690-694, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984).  If Defendant is alleging multiple instances of ineffectiveness, he should assert each one as a separate § 2255 ground.

The amended § 2255 motion shall be filed in its entirety, incorporating all amendments, and matters not set forth in the amendment are deemed abandoned. Local Rule 15.1.  Defendant shall not cite legal authorities in the motion itself.  An

---

[1] Though these cases involved 28 U.S.C. § 2254 petitions and the § 2254 Rules, the rationale applies to the similarly worded § 2255 Rules.

Case Nos. 5:02cr19-RH and 5:05cv68-RH/WCS

accompanying memorandum is not encouraged.[2]  If filed it may not exceed twenty-five pages in length absent leave of court on a showing of good cause.  Local Rule 7.1(A).

Accordingly, it is **ORDERED**:

1.  The clerk shall forward three § 2255 forms to Defendant along with a service copies (if Defendant provided service copies) of the § 2255 motion (doc. 77).

2.  Defendant shall have until **June 20, 2005,** to file an amended § 2255 motion as explained in this order.  Defendant shall also submit one *identical* copy of the amended motion, including any attachments, and shall keep a copy for his records.

3.  Defendant is advised that failure to comply with this or future orders may result in a recommendation of dismissal.

**DONE AND ORDERED** on May 20, 2005.


   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] If the amended motion is in proper form and the Government is directed to respond, Defendant will have the opportunity to submit a reply including relevant legal argument.

Case Nos. 5:02cr19-RH and 5:05cv68-RH/WCS